DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Marilyn Fife appeals from the Summit County Court of Common Pleas' award of damages to appellees David and Kathleen Buzek. We reverse.
 I. {¶ 2} The Buzeks bought a house from Ms. Fife through a commercial realtor. Prior to the sale, Ms. Fife had executed a disclosure statement that denied any structural problems with the foundation or knowledge of water damage. The Buzeks had inspected the house with their realtor, but had not observed any indication of structural damage or leaking water. However, immediately upon moving into the house, the Buzeks discovered the finished basement to be soaked with water. There was evidently no observable structural damage.
 {¶ 3} The Buzeks sued Ms. Fife based on her alleged misrepresentation of the structural integrity and water damage. Upon a bench trial, the court found Ms. Fife liable for misrepresentation as to the structural issue, but not the water. Ms. Fife timely appealed, asserting three assignments of error.
 II. First Assignment of Error
"THE TRIAL COURT ERRED IN STATING THAT APPELLANT FAILED TO ACCURATELY DISCLOSE OR MISREPRESENT MATERIAL INFORMATION ON THE RESIDENTIAL PROPERTY DISCLOSURE FORM."
 Second Assignment of Error
"THE TRIAL COURT ERRED IN ITS FINDING OF FRAUD AGAINST APPELLANT."
 Third Assignment of Error
"THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES."
 {¶ 4} Ms. Fife asserts that the trial court erred in finding that she had misrepresented the structural integrity of the house or that she failed to disclose material information. We agree.
 {¶ 5} This case arises from R.C. 5302.30(C), which states, in pertinent part, that "every person who intends to transfer any residential real property * * * shall complete all applicable items in a property disclosure form." This prompts us to consider the particular disclosure form and the trial court's analysis thereof, in light of this statute. As explained by the trial court, the form contained two pertinent provisions, one relating to water and the other to structural integrity.
"(D) BASEMENT/CRAWL SPACE: Do you know of any current water leakage, water accumulation, excess dampness or other defects with the basement/crawl space? Yes No"
Ms. Fife answered "No." Furthermore, the trial court found that there had been no misrepresentation regarding this provision. The other provision stated:
"(E) STRUCTURAL COMPONENTS (foundation, floors, interior and exterior walls): Do you know of any movement, shifting, deterioration, material cracks (other than visible minor cracks or blemishes) or other material problems with the foundation, floors, or interior/exterior walls? Yes No"
Ms. Fife answered "No." The trial court found this to be a misrepresentation, and explained:
"25. The form at section (E) requires disclosure of any known movement, shifting, deterioration, material cracks or other material problems with the foundation, floors, or interior/exterior walls. [Ms. Fife] answered no. But there were known material problems with the foundation and basement floor. Significant water entry into the basement of a residence is a material structural problem."
 {¶ 6} We disagree that "[s]ignificant water entry into the basement of a residence is a material structural problem." The trial court offered no evidence to support this as a factual finding, and no reasoning to support it as a legal premise. Rather than accept this dubious legal premise, we find the question of water and the question of structural integrity to be mutually exclusive issues, each of which must be answered independently in the disclosure form. See R.C. 5302.30(C) ("complete all applicable items").
 {¶ 7} The language of a contract or a statute is to be construed in accordance with its plain and ordinary meaning. Eagle v. Fred MartinMotor Co., 157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 35; Czubaj v.Tallmadge, 9th Dist. No. 21389, 2003-Ohio-5466, at ¶ 25. These disclosure forms are effectively the contractual provisos mandated by the statute, and under a plain reading, speak to the occurrence of water and the existence of structural defects, independently. Therefore, we conclude that it was improper for the trial court to conclude that the occurrence of water necessarily evinced a material structural problem. Accordingly, Ms. Fife's assignments of error are sustained.
 III. {¶ 8} Ms. Fife's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J. Whitmore, J. concur